IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. RDB 20-059 |
| ANTONIO GREEN | : | |

**MEMORANDUM AND ORDER**

Antonio Green was indicted on February 13, 2020 with being a felon in possession of a firearm in violation of 18 U.S.C. 922(g). ECF 1. The Defendant had his Initial Appearance on March 5, 2020. ECF 4. Defendant consented to detention on that date. ECF 7. Defendant filed a motion for review of detention on March 23, 2020 based upon his risk of exposure to COVID-19 while detained. ECF 10. A detention hearing was held on March 27, 2020 and an order of detention was entered by me on that date. ECF 11,12. At the detention hearing, I found by clear and convincing evidence that there were no conditions or combination of conditions that would assure the safety of the community. *Id*.  At the hearing the Court made findings of fact on the record and supplemented those with findings of additional reasons for detention in writing. The Court incorporates those findings of fact made on the record and the findings made in the Order of Detention. *Id*.

On April 24, 2020, Defendant filed a motion for release from custody. ECF 16. As a basis for his motion, Defendant argues this Court's prior finding that the D.C. Department of Corrections was taking adequate steps to prevent the spread of COVID-19 is no longer supported by the actual conditions at CTF and the D.C. Jail. ECF 16. Defendant asks the Court to revisit the detention order in light of new information set forth in his motion. The Defendant has briefed the issues and the government has filed a response. ECF 16,17. Since the Bail Reform Act requires an individualized assessment of a Defendant, the Court requested and received medical records from the facility. ECF 19, 20. There is no need for a hearing. Local Rule 105.6. For the reasons set forth below, the motion is DENIED.

The Defendant does not challenge the Order of Detention based upon the previous factors set forth in 3142(g) nor the Court's analysis of the danger the Defendant poses to the public.

"Since Mr. Green's March 27, 2020, detention hearing facts have come to light that merit reopening the hearing and setting conditions of release. Specifically, the Court's finding that the D.C. Department of Correction (DDOC) was taking adequate steps to prevent the spread of COVID-19 is no longer supported by the actual conditions at CTF and the D.C. Jail (collectively referred to as the D.C. Jail Complex). These changes also create a "compelling reason" to temporarily release Mr. Green." ECF 16.

In making this decision, I incorporate the prior rulings cited by the Court and noted in the government's response, and in particular, *United States v. Xavier Lee,* ELH 19-159, ECF 97 and *United States v. Delonte Wheeler,* CCB 19-455, ECF 28.

The Factors Under 3142(g)

The Court considered the factors set forth in 3142(g) at the detention hearing on March 27, 2020. These factors included:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including— (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. 3142(g).

Defendant does not challenge the Court's findings which remain undisturbed. In addition to the findings on the record, the Court made written findings as to Antonio Greeen:

1. Factors detailed on the record;

2. Serious threat to public safety – firearms in drug trafficking;

3. Extensive 20 year drug history – 5 prior drug felony convictions;

4. Non-response to supervision in the community -prior convictions for violating supervision;

5. All factors outweigh the COVID-19 issues and risks;

6. No violation of 5th A. due process.

ECF 18.

Defendant and COVID-19

Defendant in his motion alleges he has a history of asthma. ECF 16, p. 9. At the request of counsel, the Court obtained the medical records for the Defendant that remain under seal. ECF 20. A review of the records confirms that Defendant has a history of asthma. The records further indicate that Defendant was placed in quarantine on April 4. 2020 and received his initial assessment, had no symptoms and remains asymptomatic. *Id.* Defendant had temperature checks twice daily and continues to be afebrile. *Id.* The records indicate that Defendant is receiving his medications regularly and has no complaints. Defendant has not tested positive for COVID-19.

The Court recognizes Defendant is statistically at higher risk due to his history of asthma . The issue for the Court is whether *at this moment in time*, the COVID-19 facts related specifically to this Defendant, outweighs the other factors under 3142(g) which compels detention of Defendant. I find they do not.

The Defendant is housed at the D.C. Jail. It is incumbent upon the Court to look to the conditions *at this moment in time*, in analyzing the factors related to COVID-19. In *Banks v. Booth*, 20 cv 849 (D.D.C.) Judge Kollar-Kotelly issued an opinion granting in part and denying in part a motion for a temporary restraining order in a civil action against the District Department of

Corrections (CTF and D.C. Jail) regarding the care of detainees during the COVID-19 pandemic. After receiving evidence and briefings, the Court ordered the D.C. Jail and CTF to take certain remedial measures. Judge Kollar-Kotelly did not order the release of any detainees and also did not order that the institutions be shut down. The Order was issued on April 19, 2020. On April 17, 2020 Director Quincy Booth issued a detailed memorandum setting forth protocols and reminding all staff members of the need to comply with COVID-19 guidelines. ECF 26-1.

As Judge Coulson recently opined:

"At present, Judge Kollar-Kotelly, with the help of able advocates, their respective experts, and that court's own independent inspectors, is undoubtedly in the best position to make assessments of current overall conditions at the D.C. Jail, order necessary changes, and monitor compliance so as to address Fifth and Eighth Amendment concerns raised by those general conditions as to the named plaintiffs and the putative class members such as Defendant." *United States v. Irving Hernandez,* PX-19-158, ECF-385.

At this point in time, Defendant has not tested positive for COVID-19 and continues in quarantine or has recently been released from quarantine, with on-going follow up to date. Defendant has had no symptoms. CTF and the D.C. Jail are under the strict scrutiny of the United States District Court for the District of Columbia. Director Quincy Booth started reforms and corrective action prior to the Order of Judge Kollar-Kotelly. By all accounts, with respect to this particular Defendant, he has remained asymptomatic and the conditions at the facility are improving under the stewardship of the Court. Therefore, in balancing the 3142(g) factors already found by this Court, I find that the COVID-19 factors do not outweigh the danger to the community posed by this Defendant, Antonio Green. Mr. Green's medical records convince the Court that he has received prompt and appropriate medical care for his complaints of asthma. When at risk, he was placed in quarantine and properly monitored. He remains asymptomatic and afebrile. ECF 26.

Release under 3142(i)

In *United States v. Creek*, the Fourth Circuit explained that 18 U.S.C. § 3142(i) requires considering "the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform factors, rises to the level of a 'compelling reason' Case 1:19-cr-00455-CCB Document 26 Filed 04/28/20 Page 22 of 26 23 for temporary release..." United States v. Creek, CCB-19-36, App. No. 20-4251, ECF 18 at *1 (4th Cir. Apr. 15, 2020).

In this case, Defendant is asymptomatic with no residual effects while in quarantine and may have recently been released from quarantine. The institution is under strict scrutiny and is enforcing reforms to protect detainees. There also is no evidence that Defendant is not receiving appropriate medical care for his asthma. The records support that he has received care and attention with every visit he has made. There is no evidence that his asthma has caused him any additional problems while detained. He receives regular medical visits and his medication without issue. Therefore, I find there is no compelling reason for release under 3142(i).

It also is obvious to the Court that with the uncertainty of transmission of the COVID-19 virus, there is a risk of placing a quarantined person, this Defendant, into the public. At this point in the pandemic, there is more unknown about the virus that known. Defendant offers a plan of residing with his mother and grandmother. His mother has hypertension and in his grandmother is diabetic. ECF 16, p. 13. Although there are no ages provided, logic dictates that both are older than Defendant. Defendant would be quarantined to a single room with meals left outside his door. There is no further detail provided. As to home detention traditional location monitoring is no longer available due to the risks to pretrial services personnel. The Court finds Defendant's threat

to the safety of the community cannot be abated by cell phone monitoring, the only restriction Pretrial Services has available.

    The Defendant's medical history and records present no change of circumstances regarding the 3142(g) factors to overcome the factors found by this Court that demand his continued detention. Defendant, under quarantine, is asymptomatic and receiving appropriate care to test for his possible exposure and for treatment of his asthma. The facility is being closely monitored by the Court. For the reasons stated by this Court, the Motion to Reopen Detention Hearing and Set Conditions of Release, ECF 16 is DENIED.

    So Ordered this 4th day of May, 2020.

                                                                          /s/
                                                  A. David Copperthite
                                                  United States Magistrate Judge